# HETZEL

*v.*

## THE BALTIMORE AND OHIO RAILROAD CO.

---

DAMAGES TO LAND; PLEADING AND PRACTICE; ALLEGATIONS AND PROOF.

1. In an action to recover damages to land for the obstruction of an adjoining street by railroad tracks, actual and not conjectural damages must be shown.

2. It is not upon the evidence alone, but upon the pleadings, and evidence applicable to the pleadings, that the plaintiff in any case can recover, and the one must consist with the other.

3. Where in an action against a railroad company for obstructing a street and thereby injuring plaintiff's property, which was alleged in the declaration to be an original lot, the testimony showed that such lot, while owned by plaintiff as tenant in common with another several years before the suit was commenced, had been subdivided into several lots, some of which had been assigned in a partition to plaintiff and others to her former co-tenant, but all of which had been acquired by plaintiff just before the commencement of the suit, an instruction of the court below directing the jury to find nominal damages only was *affirmed.   Quære,* whether a verdict should not have been directed for the defendant upon the ground that the testimony did not support the declaration.

No. 418.   Submitted November 21, 1895.   Decided January 7, 1896.

HEARING on an appeal by the plaintiff from a judgment on verdict in an action to recover damages for a nuisance. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Frank W. Hackett* and *Mr. W. D. Davidge* for the appellant.

*Mr. Geo. E. Hamilton* and *Mr. M. J. Colbert* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

It is indeed very questionable whether this appeal is properly before this court for review, because of the failure of the appellant to file an approved appeal bond as required by the rule of this court upon the subject, within the time limited for filing the same. We shall not, however, determine this preliminary question, but shall examine the questions that appear to be presented by the record before us, and if there be no error, bring a long and protracted litigation to an end.

The alleged nuisance that gave rise to the present case, and a case that preceded this, has been the subject of litigation through a series of years, and has been tried and re-tried a great many times. All the questions that could fairly arise would seem to have been under review by the General Term of the Supreme Court of the District, on several appeals, and for obvious reasons, we do not propose to review or reverse the court below on any question that has been ruled upon and settled by the General Term, in the course of the litigation. The court below, in the trial of this case, seems to have conformed to the previous rulings of the court in General Term, and really leaves but little open for review on this appeal.

It appears that prior to December 28, 1871, in fact for

many years prior, the plaintiff, Margaret Hetzel, and Judge Wylie were owners as tenants in common in fee-simple, of the whole of lot 1 in square 630, according to the ground plan of the city of Washington, except that part of said lot at the northern side or corner thereof, fronting on North Capitol street 35 10-12 feet, by a depth of 120 feet, then owned by Judge Wylie in severalty and exclusively. That all the remainder of the original lot 1 was bounded on North Capitol street and D street northwest.

The plaintiff and Judge Wylie, with a view to partition of all that part of the lot held in common between them, had a subdivision thereof made, the plan of which was duly acknowledged and recorded, according to law, in the office of the surveyor of the District; and they then agreed that in the partition the plaintiff should have allotted to her lots 1, 2, 3, 4 and 5, and that Judge Wylie should have allotted to him lots 6, 7, 8, 9, 10 and 11, according to the plan of subdivision. And, to effectuate this subdivision and partition, the joint deed of the 28th of December, 1871, was made by the parties, and duly acknowledged and recorded. The plat or plan of subdivision is referred to in the deed of partition, and in reference to which the titles to the several lots are conveyed in severalty. In the subdivision of the original lot 1, there were several alleys laid out on the plat or plan recorded, and the parties, by the deed, mutually covenanted with each other, that all such alleys, and the area delineated on the plat, should be private, and be under the control of all owners of property touching thereon, " and shall never be closed unless by common consent, and the owners thereof and of each of said lots shall at all times contribute their and each of their joint and equitable proportions of all proper and necessary charges for paving the said alleys and area, and keeping the same in proper condition, by means of drains, sewers or otherwise, and the same are to be for the exclusive use of said owners." By sec. 480, Rev. Stats. D. C., it is provided that: " The ways, alleys or passages, laid out or expressed on any plat of subdivision,

shall be and remain to the public, or subject to the uses declared by the person making such subdivision, at all times under the same police regulations as the alleys laid off by the Commissioners on division with the original proprietors."

In 1872, before the bringing of this suit, the plaintiff purchased the lots that had been allotted to Judge Wylie in the partition, and also the lot on the northern corner which had been held by Judge Wylie in severalty before the partition. Lots 1 and 2 of the subdivision front on D street, and the southern side of lot 3 binds its entire length on D street, and fronts, with all the other lots, on North Capitol street. All the lots were vacant and wholly unimproved.

The obstruction of D street complained of is admitted to have been without legal authority, and the obstruction was of D street, northwest, opposite the front of lots 1 and 2, and along the south side of lot 3, of the subdivision ; but as to the other lots in the subdivision, the freight cars causing the obstruction complained of in D street offered no obstruction whatever to their access. The lots fronting on North Capitol street, except lot 3 siding on D street, all being open and vacant, it is difficult to perceive in what way the obstruction on D street could affect them. Lots 1, 2 and 3 may have been affected ; but a party who owns and has a particular parcel of land affected by the existence of a contiguous nuisance cannot purchase other parcels of land not so affected in contemplation of law, and by adding the parcels together increase the amount of damages recoverable ; at least, not under the conditions existing in this case. The subdivision of the original lot made separate and distinct parcels or lots, and those allotted to Judge Wylie did not abut on D street, and the access to and exit from them were not affected by the obstruction on that street. The plaintiff, in respect to those lots, is not entitled to stand in a more favorable position than Judge Wylie could occupy if he had not sold the lots, and it is clear, if Judge Wylie were still owner of the separate lots assigned to him in the partition, all fronting on North Capitol

street, he would have no cause of action in respect of such lots for the obstruction in D street, such as that sued for in this case.

What is the real cause of action as set forth in the declaration ?   The suit was brought by the plaintiff on the 24th of April, 1876, and she alleges that she was before and ever since the 24th of April, 1873, seized in fee simple of a certain lot of ground, situate and being on the corner of D and North Capitol streets, in the city of Washington, being *lot number one*, in square 630, in said city, and that there has been a public street and highway for all persons, &c., and which was used by the plaintiff and others as of right for access to and egress from *said lot;* yet the defendant, well knowing the premises, but contriving and wrongfully intending to injure the plaintiff, and to incommode and annoy her, together with the public, in the use and enjoyment of said D street, and more particularly to prevent the plaintiff and others from enjoying that portion of said D street upon which plaintiff's *lot abuts*, from obtaining access to and exit from *said lot of ground*, and with intent wrongfully to diminish the value of said lot of ground, &c., on the 24th of April, 1873, and at divers other times since, obstructed said D street by placing thereon freight cars, in large numbers, &c., and suffered them to remain there an unreasonable time, &c., and thereby prevented the plaintiff, as well as the public, from passing and repassing on said D street, and more particularly from using that portion of D street on which plaintiff's *lot abuts*, to gain access to or exit from *said lot of ground*, and still obstructs said street, &c., and thereby materially and seriously *diminished the value of said land*, and prevented the plaintiff from selling the same, though she tried so to do ; to the special damage of the plaintiff.

The defendant pleaded the general issue plea of not guilty, and also the statute of limitations, former recovery, and other defences not material to mention.

The evidence in the record before us is exceedingly mea-

gre.   There is not a particle of evidence as to the saleable
value of the land, without reference to the existence of the
nuisance complained of, or to what extent the existence of
the nuisance would affect that value.   Nor is there any evi-
dence of the rental value of the property, without the pres-
ence of the nuisance, and to what extent the existence of
the nuisance would affect such rental value.   These facts
were essential to be ascertained, in order to furnish a basis
for estimating the damages.   In an action like the present,
the plaintiff must show actual damages sustained, and not
damages resting in conjecture or contemplation merely ;
and the recovery, in the first instance, is limited to the ac-
tual damages sustained by reasons of the nuisance, and its
effect upon the rights and property of the plaintiff.

The plaintiff, at the trial, offered a series of prayers for
instruction to the jury.   They were all refused by the court,
and properly refused.   They were all founded upon the
assumption of injury to the plaintiff in respect of *all the lots*
contained in the subdivision of the original lot 1 ; and, more-
over, they did not propound any such proper and exact rule
for estimating damages, as the court, in this class of wrongs,
would have been justified in giving to the jury.   But, apart
from all this, the evidence upon which the prayers were
founded showed a state of case quite different from that set
out in the declaration.   It is not upon the evidence alone,
but upon the pleadings and the evidence applicable to the
pleadings, that the plaintiff can in any case recover, and the
one must consist with the other.   The declaration here, as
we have seen, proceeds as for an injury to the entire original
lot, without any reference or respect to the subdivision of
that lot, and that the lots made of the subdivision are sep-
arate and distinct parcels of ground, fully recognized and
provided for by law ; and entirely ignores the fact that the
plaintiff never was in reality seized in severalty of the orig-
inal lot 1, as it existed before the subdivision, and as de-
clared upon in the declaration.

The proof produced by the defendant, showing how lot 1

was originally held, and how it had been subdivided and partitioned, and how title to all the lots was acquired by the plaintiff, and their relation to each other and the streets upon which they abut, entirely negatives and refutes the case presented in the declaration, and the right of the plaintiff to recover thereon.

The court below, upon the refusal of the prayers offered by the plaintiff, instructed the jury, "that the testimony showed that the plaintiff offered her property for sale as a whole, and undertook to sell it as lot one ; that the action was for damages for her not being able to sell lot one ; that the testimony showed that even if she had received an offer for lot one she could not have consummated the sale, because she did not own the fee in the alleys.    This being so, and the defendant's counsel conceding that the obstruction was illegal, the court instructed the jury that the plaintiff could not recover anything more than nominal damages, and thereupon instructed the jury to find for the plaintiff one cent damages, which was accordingly done.    Perhaps the more correct instruction, under the facts of the case, would have been to render a verdict for the defendant ; but the judgment being substantially correct, it will be affirmed.

*Judgment affirmed.*

Mr. Justice MORRIS, having been of counsel in this case in the court below, did not sit in the hearing, his place being taken by Mr. Justice McCOMAS, of the Supreme Court of the District.—REPORTER.